UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAGHAN HUNT, et al.,

Plaintiffs,

v.

OAK RUN ELEMENTARY SCHOOL DISTRICT, et al.,

Defendants.

No. 2:25-cv-02404-DC-DMC

ORDER GRANTING THE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

(Doc. No. 27)

This matter is before the court on the unopposed motion to withdraw as Plaintiffs' counsel of record filed by Attorney James Arrasmith on February 9, 2026. (Doc. No. 27.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for March 20, 2026. For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

1

L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include the following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

/////

2

(6) the client knowingly and freely assents to termination of the representation;

(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

**ANALYSIS**

Here, Attorney Arrasmith moves to withdraw as counsel for Plaintiffs in this action under Rule 1.16(b) because"[t]he attorney–client relationship has materially deteriorated, and continued representation has become unreasonably difficult and financially impracticable." (Doc. No. 27 at 3.) Attorney Arrasmith further asserts that he "cannot effectively and ethically litigate" this case "where the foundational requirements of a functional attorney-client relationship no longer exist."

3

(*Id.* at 4.)

As for prejudice withdrawal may cause to other parties, the court notes that Defendants did not file an opposition to the pending motion for withdrawal, nor otherwise express concerns regarding prejudice or delay.

As for delay that may be caused by permitting withdrawal, the court notes that this case is still in the early stages of litigation; Defendants have not filed yet filed a response to the complaint and a scheduling order has not yet issued. (*See* Doc. No. 31.) Thus, granting the pending motion and providing time for Plaintiffs to obtain new counsel to represent them in this case will not cause significant delay in resolving this case.

Further, Attorney Arrasmith represents that he has taken reasonable steps to avoid reasonably foreseeable prejudice, and he "advised [Plaintiff Hunt] that if withdrawal is granted and she proceeds in propria persona, she must comply with all applicable rules and deadlines, and she may not prosecute the minor plaintiff's claims without counsel." (Doc. No. 27 at 7.) Attorney Arrasmith gave Plaintiffs notice of his motion to withdraw as counsel through both of the email addresses and mailing addresses used by Plaintiffs during this litigation. (*Id.* at 6.) Attorney Arrasmith also provided the court with those last known mailing addresses and email addresses, as required by Local Rule 182. (*Id.*)

Having considered the motion and Attorney Arrasmith's representations, the court finds that the permissive withdrawal sought by counsel is appropriate under Rule 1.16(b).

Thus, the pending motion to withdrawal as counsel for Plaintiffs will be granted. Plaintiff Maghan Hunt will be provided thirty (30) days to obtain new counsel to represent her in this action or to inform the court of her intention to proceed *pro se* in this case. However, as a minor, Plaintiff M.W.C., II, through his guardian *ad litem* Maghan Hunt, may only proceed with counsel. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). Thus, Plaintiff M.W.C., II, will be provided thirty (30) days to obtain new counsel to represent him in this action.

/////

4

**CONCLUSION**

For the reasons set forth above:

1.      The motion to withdraw as counsel for Plaintiffs (Doc. No. 27) is GRANTED;

2.      The hearing set for March 20, 2026 is VACATED;

3.      The Clerk of the Court is directed to terminate Attorney James Arrasmith as the counsel of record for Plaintiffs;

4.      Attorney James Arrasmith shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

5.      Within thirty (30) days from the date of entry of this order, Plaintiff Maghan Hunt shall file either: (i) a notice of appearance by new counsel obtained to represent her in this action, or (ii) a notice informing the court that she will continue prosecuting this action *pro se*;

6.      Within thirty (30) days from the date of entry of this order, Plaintiff M.W.C., II, through his guardian *ad litem* Maghan Hunt, shall file a notice of appearance by new counsel obtained to represent him in this action;

7.      Plaintiffs are warned that their failure to comply with this order may result in the court dismissing this action due to their failure to prosecute and failure to comply with the court's order;

8.      Plaintiff Maghan Hunt is substituted in *pro se* and is directed to comply with all future hearing dates and the rules of the court;

9.      The Clerk of the Court is directed to enter the following contact information as Plaintiff Maghan Hunt's address of record;

> Maghan Hunt
> 20807 Lonita Trail
> Redding, CA 96003
> maghanhunt@icloud.com

/////

/////

5

10.    The Clerk of the Court is directed to serve this order on Plaintiffs by mail and email at the above address, and to ensure receipt of this order, the Clerk of the Court is also directed to serve a copy of this order on Plaintiff Maghan Hunt at the other mailing addressed used by Plaintiff Maghan Hunt during the course of this litigation:

> Maghan Hunt
> 18393 Iroquois Court
> Cottonwood, CA 96022

IT IS SO ORDERED.

Dated:    **March 3, 2026**

_____

Dena Coggins
United States District Judge

6